IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>          Plaintiff, v.<br><br>ST. CHARLES HOUSING, LP, MENOWITZ MANAGEMENT CORP., and APARTMENT RENTAL ASSISTANCE II, INC. d/b/a APARTMENT CORP.<br><br>          Defendants. | Civil Action No. 1:23-CV-6436<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (pregnancy) and to provide appropriate relief to Charging Party J'Layna Andrus ("Andrus"), who was adversely affected by such practices. As alleged with greater particularity below, the Equal Employment Opportunity Commission ("EEOC" or the "Commission") alleges that the Defendants, St. Charles Housing, LP., Menowitz Management Corp., and Apartment Rental Assistance II, Inc. d/b/a Apartment Corp. (collectively "Defendants"), unlawfully discriminated against Charging Party Andrus based on her sex when they terminated her due to her pregnancy.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) and as further amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) ("Title VII"); and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of New York.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendants have continuously been doing business in Queens, New York, and have continuously had at least 15 employees.

5. At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. Defendants operate as an integrated enterprise or single employer by virtue of their common management, common ownership, interrelation of operations, and centralized control of labor relations. For example:

   (a) Marc Menowitz and Todd Menowitz are owners, officers or managers of all three Defendants;

   (b) Defendant St. Charles Housing and Defendant Menowitz Management share an office in Queens, New York; and

   (c) Defendant Apartment Corp.'s Human Resources Department provides human resources functions for all three Defendants, with the three Defendants using the same employee handbook and with email addresses shared between the three entities.

ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Andrus filed a charge with the Commission alleging violations of Title VII by Defendants.

8. On June 2, 2023, the Commission issued to Defendants a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendants to provide Defendants the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. On July 11, 2023, the Commission issued to Defendants a Notice of Failure of Conciliation advising Defendants that the Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

12. Defendants specialize in the acquisition and management of residential and commercial properties throughout the country. One such property is a rental property named St. Charles Place, located in Lake Charles, Louisiana.

13. Charging Party began working for Defendants in September 2020 as a property manager for the St. Charles Place apartment complex.

14. Since at least February 2021, Defendants have engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. 2000e-2(a)(1), as amended by

the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k), by terminating Andrus because she was pregnant. Specifically,

   a. On or about February 2, 2021, Andrus left work at St. Charles Place to go to the hospital because she thought she had COVID; instead, she was diagnosed as being pregnant.

   b. That same evening, Andrus told her immediate supervisor, Ginger Positerry, Defendants' regional property manager, of her pregnancy.

   c. Over the next few days, Positerry kept asking Andrus about being pregnant and working, and whether she would be taking time off. Andrus replied that she had been pregnant before when working as a property manager and had no trouble performing her job.

   d. On or about February 8, 2021, Andrus received an alert from Indeed.com with a job posting for her position. The posting was from February 6, four days after Andrus had notified Defendants of her pregnancy.

   e. Because of her job being so posted, before she arrived at work on February 8, 2021, Andrus called Positerry to ask if she was being terminated. Positerry replied that Positerry had spoken to her two supervisors—Todd Menowitz and Marc Menowitz—that past Saturday (the date the Indeed.com ad was posted), and that all three agreed that Andrus would not be able to perform her job "in [her] condition." Thus, having been terminated, Andrus never returned to St. Charles Place.

15. The effect of the practices complained of in paragraph 14 above have been to deprive Andrus of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex (female) and pregnancy.

16. The unlawful employment practices complained of in paragraph 14 above were and are intentional.

17. The unlawful employment practices complained of in paragraph 14 above were and are done with malice or with reckless indifference to the federally protected rights of Andrus.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Issue a permanent injunction enjoining Defendants, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against female employees in promotion decisions on the basis of sex and pregnancy.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant employees and applicants and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendants to make whole Charging Party Andrus, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendants to make whole Charging Party Andrus by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendants to make whole Charging Party Andrus by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 14 above, including but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, embarrassment, humiliation, loss of self-esteem, and loss of civil rights, in amounts to be determined at trial.

F. Order Defendants to pay Charging Party Andrus punitive damages for its malicious and reckless conduct, as described in paragraphs 14 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated:  August 29, 2023
New York, New York

 Respectfully Submitted,

 GWENDOLYN YOUNG REAMS
 Acting General Counsel

 CHRISTOPHER LAGE
 Deputy General Counsel

 EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
 131 M Street, NE
 Washington, DC 20507

 JEFFREY R. BURSTEIN
 Regional Attorney
 jeffrey.burstein@eeoc.gov

NORA E. CURTIN
Assistant Regional Attorney
nora.curtin@eeoc.gov

 /s/ Renay M. Oliver
Renay M. Oliver
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004
(929) 506-5289 (p)
(212) 336-3623 (f)
renay.oliver@eeoc.gov