CHASE LAW
& ASSOCIATES, P.A.

Kenneth E. Chase
Chase Law & Associates, P.A
1141 71st Street
Miami Beach, FL 33141
t 305.402.9800
kchase@chaselaw.com

**<u>Letter to Judge Kovner re: Pre-Motion Request</u>**

November 6, 2023

Honorable Rachel P. Kovner
United States District Judge
United States District Court – EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

*Re: Equal Employment Opportunity Commission v. St. Charles Housing, LP, Menowitz Management Corp., and Apartment Rental Assistance II, Inc.*
*Case No. 1:23-cv-06436-RPK-PK*

Dear Judge Kovner:

Pursuant to Rule 12(b)(6) and Rule IV(A) of the Court's Individual Practice Rules, Defendants respectfully request a pre-motion conference on Defendants' motion to dismiss the Complaint. No claim has been stated in this case because no adverse employment action occurred as Ms. Andrus was never terminated from her employment. Per the allegations in the Complaint, the complainant J'Layna Andrus had been employed for approximately four months as a property manager in Louisiana at the St. Charles Place housing development. On Tuesday, February 2, 2021, Ms. Andrus left work "because she thought she had COVID" and was instead "diagnosed as being pregnant." Ms. Andrus informed her supervisor of her pregnancy that day, February 2, 2021. As a result, Ms. Andrus was not terminated or demoted.

Between February 2, 2021 and February 6, 2021, Defendants offered Ms. Andrus an accommodation and asked Ms. Andrus whether she would like to take time off due to her pregnancy. To be sure, Defendants did not terminate Ms. Andrus, Defendants *asked* Ms. Andrus whether she would like to take time off thereby balancing the need to staff the position with an accommodation for Ms. Andrus. In response, Ms. Andrus, did not provide a definitive answer to the question regarding whether she intended to take time off, stating only that she had been pregnant before while working as a property manager. After this conversation, Ms. Andrus was not terminated, demoted, or subject to any adverse employment action.

CHASE LAW
& ASSOCIATES, P.A.



On Monday, February 8, 2021, six days after Defendants were informed of Ms. Andrus's pregnancy, Ms. Andrus "received an alert" from Indeed.com about a job posting. On that day, Ms. Andrus asked Defendants' regional manager "if she was being terminated." *Defendants' regional manager <u>did not</u> state that Ms. Andrus was being terminated*. Defendants' regional manager informed Ms. Andrus about a conversation that occurred over the weekend and no termination occurred. Without having been terminated, demoted, or subjected to any adverse employment action, Ms. Andrus decided on her own to "never return[] to St. Charles Place."

No Title VII claim has been stated because no termination or adverse employment action occurred. The act of posting a job on Indeed.com is not a basis for a Title VII claim when the subject employee was never terminated, demoted, or subject to any adverse employment action. For these reasons, Defendants respectfully request a pre-motion conference pursuant to a Rule 12(b)(6) motion to dismiss.

Very truly yours,

Kenneth E. Chase