UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

               Plaintiff,

         v.                               **MEMORANDUM AND ORDER**
                                                23-CV-6436 (RPK) (PK)

ST. CHARLES HOUSING, LP;
MENOWITZ MANAGEMENT CORP.; and
APARTMENT RENTAL ASSISTANCE II,
INC. d/b/a APARTMENT CORP.,

               Defendants.

------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

      The Equal Employment Opportunity Commission ("EEOC") brings this action against St. Charles Housing, LP, Menowitz Management Corp., and Apartment Rental Assistance II, doing business as Apartment Corp., alleging unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964. Defendants move under 28 U.S.C. § 1404(a) to transfer this case to the United States District Court for the Western District of Louisiana. That motion is denied.

## BACKGROUND

### I.    Factual Background

      The following facts are taken from the operative complaint and are assumed true for the purpose of this order.

      Defendants "specialize in the acquisition and management of residential and commercial properties throughout the country." Am. Compl. ¶ 12 (Dkt. #11). Defendants "operate as an integrated enterprise or single employer," with St. Charles Housing, LP and Menowitz

1

Management Corp. "shar[ing] an office in Queens, New York." *Id.* ¶ 6(b). Todd and Marc Menowitz "are owners, officers or managers" of each defendant. *Id.* ¶ 6(a).

In September 2020, J'Layna Andrus began working for defendants as a property manager for the St. Charles Place apartment complex in Lake Charles, Louisiana. *Id.* ¶¶ 12–13. On or about February 2, 2021, Andrus "told her immediate supervisor, Ginger Positerry," that Andrus was pregnant. *Id.* ¶ 14(b). After several inquiries by Positerry "about [Andrus] being pregnant and working," Andrus learned of "a job posting for her position" on Indeed.com. *Id.* ¶¶ 14(c)–(d). On February 8, 2021, Andrus called Positerry, who said that Positerry's two supervisors, Todd and Marc Menowitz, had agreed to terminate Andrus on February 6 because "Andrus would not be able to perform her job 'in her condition.'" *Id.* ¶ 14(e) (brackets omitted). In response to Andrus asking whether her termination was "*because* of her pregnancy[,] Positerry answered, 'Yeah, but' and . . . explained that it was only because Defendants did not believe Andrus would be able to perform her duties while pregnant." *Ibid.* During Andrus's employment with defendants, she "received only positive feedback about her performance." *Id.* ¶ 14(f).

Andrus filed a charge against defendants with the EEOC, alleging violations of Title VII. *Id.* ¶ 7. On June 2, 2023, the EEOC issued defendants "a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendants to join with [the EEOC] in informal methods of conciliation." *Id.* ¶ 8. On July 11, 2023, after communicating with defendants, EEOC issued a "Notice of Failure of Conciliation advising Defendants that [the EEOC] was unable to secure . . . a conciliation agreement acceptable to [the EEOC]." *Id.* ¶¶ 9–10.

## II.     Procedural Background

The EEOC filed this lawsuit in August 2023. *See* Compl. (Dkt. #1). The EEOC alleges that defendants have engaged in unlawful employment practices in violation of Title VII by "terminating Andrus because she was pregnant." Am. Compl. ¶ 14 (citing 42 U.S.C. §§ 2000e(k) and 2000e-2(a)(1)). The EEOC seeks monetary relief for Andrus as well as an injunction. *Id.* at 5–6.

After answering the amended complaint, defendants moved to transfer this case to the Western District of Louisiana pursuant to 28 U.S.C. § 1404(a). *See generally* Mem. in Supp. of Mot. to Change Venue ("Mem. in Supp.") (Dkt. #30-1); *see also* Reply (Dkt. #32). Defendants assert that the Western District of Louisiana is more convenient for the parties and witnesses given that the Western District's Lake Charles federal courthouse is "approximately 177 miles" from Positerry's current residence in Louisiana, "approximately 118 miles" from Andrus's current residence in Texas, and less than three miles from the St. Charles Place apartment complex. Decl. of Kenneth E. Chase ¶¶ 4, 8, 10 (Dkt. #30-2); Mem. in Supp. 5. Defendants also argue that "the only location in which the EEOC alleged that actions occurred is Lake Charles, Louisiana" and the interests of justice favor transfer due to docket congestion in the Eastern District of New York. Mem. in Supp. 6.[*]

The EEOC opposes defendants' motion to transfer. *See generally* Opp'n (Dkt. #31). The EEOC has submitted an affidavit by Andrus, in which she asserts her opposition to transfer and willingness to participate as a witness in the Eastern District of New York. Decl. of J'Layna Andrus ("Andrus Decl.") ¶¶ 2, 4 (Dkt. #31-1). Andrus also notes that she "was the sole employee

---

[*] Defendants have waived any argument that venue in the Eastern District of New York is improper because to the extent they raised that argument, they did so for the first time in reply. *See* Reply 1–2; *Keep on Kicking Music, Inc. v. Universal Music Publ'g Grp.*, No. 23-CV-4400 (JPO), 2024 WL 3675936, at *7–8 (S.D.N.Y. Aug. 5, 2024); *Shukla v. Deloitte Consulting LLP*, No. 19-CV-10578 (AJN), 2021 WL 1131507, at *4 (S.D.N.Y. Mar. 24, 2021).

3

at the St. Charles Place property," that her "role involved fielding phone calls" from tenants displaced by Hurricane Delta, and that Positerry "worked at another property located three or so hours away." Andrus Decl. ¶¶ 8–10; *see* Opp'n 10. Andrus claims that her payroll records are located at Menowitz Management Corp.'s New York office and that Todd and Marc Menowitz, whose approval was required to hire Andrus and who were allegedly the ultimate decisionmakers regarding her termination, are located in New York and Los Angeles, California respectively. Andrus Decl. ¶¶ 6–7, 13; *see* Opp'n 7–10. The EEOC separately asserts that its "New York District conducted the investigation into the underlying Charge of Discrimination" against defendants. Decl. of Renay M. Oliver ¶ 3 (Dkt. #31-2); *see* Opp'n 3.

## DISCUSSION

Defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404(a) is denied.

Section 1404(a) authorizes district courts to "transfer any civil action to any other district or division where it might have been brought" if transfer is "[f]or the convenience of parties and witnesses[] [and] in the interest of justice." 28 U.S.C. § 1404(a). The EEOC does not dispute that this lawsuit could have been brought in the Western District of Louisiana. *See* Opp'n 5–7; *see also* Mem. in Supp. 4–5. Accordingly, the propriety of transfer under Section 1404(a) turns on the convenience of parties and witnesses and the interests of justice. *See Sarracco v. Ocwen Loan Servicing, LLC*, 220 F. Supp. 3d 346, 356 (E.D.N.Y. 2016); *Neil Bros. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 327 (E.D.N.Y. 2006).

In making that determination, a district court "should consider '*inter alia*: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the

4

relative means of the parties.'" *Corley v. United States*, 11 F.4th 79, 89 (2d Cir. 2021) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106–07 (2d Cir. 2006)). "Courts also frequently consider: '(8) the forum's familiarity with the governing law, and (9) trial efficiency and the interest of justice, based on the totality of the circumstances.'" *Nosirrah Mgmt., LLC v. EVmo, Inc.*, No. 21-CV-10529 (AT), 2023 WL 35028, at *2 (S.D.N.Y. Jan. 4, 2023) (citation omitted).

The moving party bears the burden of establishing "a strong case for transfer" by "clear and convincing evidence." *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 113–14 (2d Cir. 2010) (citation omitted). Ultimately, "[d]istrict courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co.*, 462 F.3d at 106.

***Plaintiff's choice of forum.*** This factor weighs against transfer, if only slightly. While a plaintiff's forum choice is "generally entitled to considerable weight," it garners less weight "when the plaintiff does not reside in the chosen forum, and the plaintiff's chosen forum has no material connection to the facts or issues of the case." *Cali v. E. Coast Aviation Servs., Ltd.*, 178 F. Supp. 2d 276, 292 (E.D.N.Y. 2001) (citation omitted). Some courts have therefore inferred that a government plaintiff's choice of forum categorically garners less deference since it is "no more a resident of" one district than another. *United States v. Stamps*, No. 18-CV-1106 (BMC), 2018 WL 6031155, at *2 (E.D.N.Y. Nov. 16, 2018); *see also, e.g.*, *EEOC v. Sheetz, Inc.*, No. 24-CV-01123 (JRR), 2024 WL 4416756, at *6 (D. Md. Oct. 4, 2024) (collecting cases). But even those courts generally find the government plaintiff's choice of forum weighs somewhat against transfer, *see Stamps*, 2018 WL 6031155, at *2, especially where, as here, the forum contains the government office that had been responsible for investigating the case, *see Commodity Futures Trading Comm'n v. Fisher Cap. LLC*, No. 23-CV-3121 (CBA), 2024 WL 3771781, at *12 (E.D.N.Y. July

5

12, 2024); *SEC v. KPMG, LLP*, No. 03-CV-671 (DLC), 2003 WL 1842871, at *3–4 (S.D.N.Y. Apr. 9, 2003); *see also Golconda Mining Corp. v. Herlands*, 365 F.2d 856, 857 (2d Cir. 1966); *EEOC v. BNSF Ry. Co.*, No. 14-CV-1488 (MJP), 2015 WL 11613289, at *1 (W.D. Wash. Aug. 6, 2015) (according "some weight" to the EEOC's choice of forum because the "initial charge[] . . . was filed in the Seattle Field Office of the EEOC"). Moreover, there is a "material connection" between the case and this forum. *Cali*, 178 F. Supp. 2d at 292. Two of the three defendants share an office in this district, where Andrus's payroll records are located, and one of the three alleged decisionmakers regarding Andrus's termination is based in New York. *See* Am. Compl. ¶ 6; Andrus Decl. ¶¶ 6–7, 13; *Stamps*, 2018 WL 6031155, at *2–3. Accordingly, this factor weighs at least slightly against transfer.

*Witnesses and evidence.* The second, third, and sixth factors are largely neutral.

The second factor—convenience of witnesses—is especially important. *See Neil Bros.*, 425 F. Supp. 2d at 329. To make a case for transfer based on this consideration, the party seeking transfer must specify key witnesses and the substance of their testimony. *Ibid.* The materiality of the testimony matters more than the number of witnesses located in one place or another. *See ibid.*

This factor is neutral, considering the location of all the important identified witnesses. Although defendants argue that two key witnesses, Andrus and Positerry, reside near the Western District of Louisiana, *see* Mem. in Supp. 5, "they do not identify any [witness] who would be unwilling or unable to appear in the present action," *Sadat v. State Univ. of N.Y. Upstate Med. Univ.*, No. 19-CV-5053 (JMF), 2019 WL 4511555, at *2 (S.D.N.Y. Sept. 19, 2019). Andrus opposes transfer and is willing to fully participate as a witness in this forum, Andrus Decl. ¶¶ 2, 4, and Positerry, as defendants' employee, is "presumed to be amenable to appearing in a foreign forum on [her] employer's behalf," *Fisher*, 2024 WL 3771781, at *12 (citation omitted); *see also,*

6

*e.g.*, *Pecorino v. Vutec Corp.*, 934 F. Supp. 2d 422, 436–37 (E.D.N.Y. 2012) (noting that inconvenience to a party's employee "does not weigh as heavily as inconvenience to non-party witnesses").

While Positerry would likely be inconvenienced by litigation here, *see* Reply 3, she is just one of three individuals—along with Marc and Todd Menowitz—allegedly involved in the decision to terminate Andrus, and defendants fail to establish that transferring this case will be more convenient for those three witnesses, considered together. Marc Menowitz resides far from either proposed forum, *see Herbert Ltd. P'ship v. Elec. Arts Inc.*, 325 F. Supp. 2d 282, 288–89 (S.D.N.Y. 2004), and Todd Menowitz, who resides in New York, would likely be just as inconvenienced by litigation in the Western District of Louisiana as Positerry would be by litigation here. Moreover, Marc and Todd Menowitz, as Positerry's superiors, appear to have had ultimate authority over employment decisions regarding Andrus, *see* Andrus Decl. ¶¶ 6–7, which suggests that their testimony is at least as important as Positerry's, *cf. Terpstra v. Shoprite Supermarket, Inc.*, No. 17-CV-6840 (KMK), 2019 WL 3338267, at *10 (S.D.N.Y. July 25, 2019). Accordingly, defendants have not shown that the Western District of Louisiana is superior from the perspective of witness convenience.

The third factor is also neutral. Defendants do not identify any relevant documents located in the Western District of Louisiana. *See* Reply 4. Instead, because plaintiff was the sole employee at St. Charles Place and largely communicated with tenants and Positerry remotely during her employment, the relevant documentary evidence appears limited to the payroll records located in this district and electronic records. *See* Andrus Decl. ¶¶ 8–10, 13.

The sixth factor is neutral. Defendants do not "identif[y] any witnesses who would be unwilling to travel to New York . . . to testify at trial." *Martignago v. Merrill Lynch & Co.*, No.

7

11-CV-3923 (PGG), 2012 WL 112246, at *8 (S.D.N.Y. Jan. 12, 2012). And the only witness defendants name who might be subject to compulsory process in the Western District of Louisiana and not here, Positerry, *see* Fed. R. Civ. P. 45(c)(1), is defendants' employee who defendants can presumably "compel . . . without the need for subpoena," *Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 375 (S.D.N.Y. 2006); *see, e.g.*, *Flood v. Carlson Restaurants Inc.*, 94 F. Supp. 3d 572, 580 (S.D.N.Y. 2015); *Martignago v. Merrill Lynch & Co.*, No. 11-CV-3923 (PGG), 2012 WL 112246, at *8 (S.D.N.Y. Jan. 12, 2012) (collecting cases).

*Locus of operative facts.* This factor weighs slightly in favor of transfer. The locus of operative facts is Louisiana, "where [Andrus] worked, where she suffered the alleged effects of discrimination . . . , and where her employment was terminated." *Wiley v. Paulson*, No. 06-CV-172 (DGT), 2007 WL 9718901, at *4 (E.D.N.Y. July 23, 2007); *see* Mem. in Supp. 6. But the critical event in this case is alleged to have occurred, in part, in New York: the EEOC's claim centers on the decision to terminate Andrus, and as discussed above, Marc and Todd Menowitz appear to have had ultimate authority over employment decisions regarding Andrus, and the latter likely participated in the termination decision from New York. *See* Andrus Decl. ¶¶ 6–7; *see Fisher*, 2024 WL 3771781, at *11–12; *cf. EEOC v. Fluor Fed. Glob. Projects, Inc.*, No. 21-CV-4062 (AT) (CMS), 2022 WL 21758244, at *3 (N.D. Ga. June 2, 2022) (collecting cases holding that Title VII's special venue provision includes "where the relevant employment decisions and actions occurred," not "where an employee feels the effects of the unlawful practice"), *report and recommendation adopted*, 2022 WL 21758238 (N.D. Ga. June 21, 2022). Moreover, the EEOC's forum choice was not to the "substantial detriment of defendant[s]" given that two of the three share an office in this district. *Wiley*, 2007 WL 9718901, at *4. Accordingly, this factor favors transfer, but not strongly.

8

*Convenience and relative means of the parties.* On balance, the fourth and seventh factors weigh against transfer. This forum is more convenient for the EEOC since its New York office investigated this case. *See Golconda*, 365 F.2d at 857; *Fisher*, 2024 WL 3771781, at *12; *KPMG*, 2003 WL 1842871, at *5. Defendants have also failed to establish any financial burden or inconvenience caused by litigating in this forum instead of the Western District of Louisiana. Two defendants share an office in this district, and the third "is a California corporation," Reply 4, for which neither district is substantially more convenient than the other. And aside from an unsupported assertion that the "EEOC has virtually unlimited resources," *ibid.*, defendants have not shown "that there is a significant disparity of means that would weigh in favor [of] . . . a transfer." *SEC v. Kearns*, No. 09-CV-2296 (DLC), 2009 WL 2030235, at *4 (S.D.N.Y. July 14, 2009). Accordingly, the convenience and relative means of the parties do not favor transfer.

*Familiarity with governing law.* This factor is neutral because the EEOC brings only federal-law claims with which the two contemplated districts are equally familiar. *See, e.g.*, *SEC v. Hill Int'l, Inc.*, No. 20-CV-447 (PAE), 2020 WL 2029591, at *8 (S.D.N.Y. Apr. 28, 2020).

*Interests of justice.* This factor is largely neutral. Defendants' primary contention here is that the relative congestion of this Court's docket, as compared to those of courts in the Western District of Louisiana, counsels in favor of transfer. *See* Mem. in Supp. 6; Reply 4. But defendants fail to establish the relevance of docket congestion to this particular case. Given the relative simplicity of this case, *see* Opp'n 11–12, docket congestion is not likely to prevent adjudication of plaintiff's claims in a timely manner, *see, e.g.*, *Romano v. Banc of Am. Inss. Servs.*, 528 F. Supp. 2d 127, 134 n.4 (E.D.N.Y. 2007); *Atl. Recording Corp. v. Project Playlist, Inc.*, 603 F. Supp. 2d 690, 698 (S.D.N.Y. 2009). Accordingly, defendants fail to show that relative docket congestion weighs in favor of transfer.

\* \* \*

Considering all the relevant factors together, defendants have not met their burden of establishing "a strong case for transfer" by "clear and convincing evidence." *N.Y. Marine & Gen. Ins. Co.*, 599 F.3d at 113–14 (citation omitted). Just one factor—the locus of operative facts—favors transfer, and only slightly. Outweighing that factor are the choice-of-forum and convenience-of-the-parties factors, which both cut against transfer. *See Fisher*, 2024 WL 3771781, at \*11–12; *Wiley*, 2007 WL 9718901, at \*4. The remaining factors are neutral. Accordingly, the motion to transfer venue is denied.

## CONCLUSION

Defendants' motion to transfer pursuant to 28 U.S.C. § 1404(a) is denied.

SO ORDERED.

      /s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: January 6, 2025
      Brooklyn, New York