

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

June 22, 2026

**Via ECF**
Honorable Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  EEOC v. St. Charles Housing, LP et al.; Case No. 1:23-cv-06436

Dear Judge Kuo:

The EEOC respectfully provides this status letter pursuant to the Court's May 6, 2026 Minute Entry and Order, to address remaining discovery disputes following the Court's January 23, 2026, February 26, 2026 and May 6, 2026 Minute Entries and Text Orders. The EEOC attempted to coordinate a joint filing as ordered, but, as of this writing, Defendants have not provided their section, nor have they responded to the EEOC's communications.[1] Thus, the EEOC respectfully asks that the Court accept this submission. Given Defendants' continued noncompliance with the Court's Orders, the EEOC respectfully renews its February 13, 2026 request for leave to move for sanctions. *See* Dkt. No. 76; *see also* Dkt. Nos. 83, 86.

<u>The EEOC's Position</u>

Defendants have not complied with the Court's Orders. The Court ordered Defendants to produce, by May 20, 2026, a complete list of properties that are owned or managed by any Defendant from January 1, 2020 to the present, in response to the EEOC's Interrogatory No. 4. May 6, 2026 Order.[2] Although Defendants produced some information, they did not provide the level of detail required. Specifically, the Court ordered Defendants to identify for each property the dates of ownership or management, the address, and the owners, and that, where an owner is an LLC or other entity, Defendants were to identify the individual members of that entity. May 6, 2026 Order; *see* Dkt. No. 91, Transcript of May 6, 2026 Discovery Conference, at Tr. 32:11-21. Despite the Court's instruction, Defendants failed to provide the additional ownership information. On May 26, 2026, the EEOC advised Defendants of these deficiencies and provided them with a copy of the Order and the transcript of the parties' discovery conference. Defendants have not responded.

In addition, Defendants have not complied with the Court's directive to produce, by June 5, 2026, balance sheets listing the assets and liabilities for each of the properties they have owned or managed since January 1, 2020. The Court also ordered Defendants to comply fully with the February 26, 2026 Order by reviewing the EEOC's April 22, 2026 deficiency letter to Defendants[3] and either producing any outstanding materials or, if all responsive documents had already been

---

[1] The EEOC has not heard from Defendants since May 21, 2026.
[2] The parties' efforts to stipulate as to certain facts were not successful.
[3] Attached hereto as Exhibit A.

produced, certifying that fact through "a sworn affidavit under penalty of perjury." May 6, 2026 Order. Aside from the incomplete response to Interrogatory No. 4, Defendants have not provided any additional documents or supplemental responses, nor have they certified that their document production is complete. This is so despite the Court's warning that failure to respond "fully and directly" may result in sanctions. May 6, 2026 Order.

Accordingly, the EEOC respectfully asks that the Court grant the EEOC's renewed request for leave to move for sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A), (C), 16(f), 26(g)(1)(B)(ii); and 28 U.S.C. § 1927, for Defendants' continued noncompliance and improper conduct. Due to scheduled leaves and deadlines for discovery in other actions, the EEOC requests no earlier than July 15, 2026 as a deadline if the Court permits briefing at this juncture.

Respectfully submitted,

By:    */s/Renay M. Oliver*
Renay M. Oliver
Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004
Tel: (929) 506-5289
renay.oliver@eeoc.gov

Encl.

2