# EXHIBIT A

Case 1:23-cv-06436-RPK-PK    Document 92-1    Filed 06/22/26    Page 1 of 18 PageID #: 989



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5ᵗʰ Floor
New York, NY  10004-2112

Renay M. Oliver
Trial Attorney
Phone: (929) 506-5289
Fax: (212) 336-3623
Email: renay.oliver@eeoc.gov

April 22, 2026

**Vɪᴀ Eᴍᴀɪʟ**

Kenneth E. Chase
Chase Law & Associates, P.A.
951 Yamato Road, Suite 280
Boca Raton, FL 33431

> Re:    <u>EEOC v. St. Charles Housing, LP et al.; Case No. 1:23-cv-06436</u>

Dear Kenneth,

We write concerning Defendants' compliance with the January 23 and February 26, 2026 Minute Entries and Orders ("2026 Orders"). Much of the ordered discovery remains outstanding. For your convenience, we have attached tables substantially similar to those provided in our February 3, 2026 letter, Dkt. No. 76-1 at Exhibit 1, with an additional column reflecting the status of each item. *See* Exhibit 1. We expect Defendants to produce all ordered documents and information no later than April 24, 2026, along with their certification concerning the remainder of discovery that was referenced in the April 17, 2026 letter.

### Documents

Since January 23, 2026, the Court has ordered Defendants to produce discovery responsive to the EEOC's Motions for Discovery, *see* Dkt. Nos. 65, 72, 76, including discovery related to the single employer analysis and comparator discovery concerning Deon Tolliver, Vicky Tillman, and Ginger Positerry. The items or categories of documents cited herein are all within the scope of the Court's 2026 Orders. As such, Defendants must produce the documents and information sought.

### 1. Discovery Concerning the Defendant Enterprise

The EEOC has long argued that the three Defendants and the non-party entities for the properties they own or manage operate as an integrated enterprise (the "Defendant Enterprise"). *See, e.g.*, Dkt. No. 65. There is no dispute that Ginger Positerry was the Charging Party J'Layna Andrus' supervisor and an alleged decisionmaker. Positerry, however, does not appear on the payroll records of the three named Defendants. Rather, Defendants' April 16, 2026 production reflects that, in 2020 and 2021, Positerry was on the payroll of Gates on Manhattan, LP, a non-party entity associated with a property Defendants own or manage in Louisiana. Gates on Manhattan, LP shares the same Queens, New York principal business office address as Defendants Menowitz Management and St. Charles Housing. Thus, during Andrus's brief employment, she was supervised by an employee of a non-party entity. Other employees involved with Andrus's hiring, benefits, and dismissal also do not appear on named Defendant records: Gennady Prilutsky,

Chelsea Positerry, and Helenita Guei. Discovery is therefore appropriate as to the structure and organization of the Enterprise, as recognized by the court in *Centeno v. 75 Lenox Realty LLC*. No. 14 CV 1916 (DLI)(LB), 2017 WL 9482090, at *10 (E.D.N.Y. Feb. 1, 2017) (discussing how "an enterprise might split itself up into a number of corporations, each with fewer than the statutory minimum [] of employees, for the express purpose of avoiding liability under the discrimination laws" (citation omitted)), *report and recommendation adopted*, 2017 WL 1214451 (E.D.N.Y. Mar. 31, 2017). The Notice, dated April 15, 2026, does not excuse production as to the Defendant Enterprise. Dkt. No. 88.

Defendants cannot claim a lack of access or that producing these records would be too burdensome, as demonstrated by the speed with which they were able to generate a payroll report for Positerry following the April 15, 2026 Minute Entry and Order. Defendants Apartment Corp. and Menowitz Management handle the payroll for these employees "placed" on the books of other entities. *See, e.g.*, Dkt. No. 76-1, at 2, 2 n.4 (citing Defendants' admissions that they handle payroll for properties they manage). And Defendants have not provided the number of non-party entities at issue as separately requested in an interrogatory. *See* Exhibit 1 at C (noting deficient responses to Interrogatory No. 4, EEOC's Second Set of Interrogatories to Menowitz Management and Apartment Corp.). Similarly, Defendants must produce the financial and tax records sought. *See* Dkt. No. 76-1, at 3 (citing *Centeno*, 2017 WL 9482090, at *9; *EEOC v. Everdry Mktg.*, No. 01-CV-6329, 2005 WL 231056, at *5 (W.D.N.Y. Jan. 31, 2005)). Defendants were ordered to produce these documents relevant both to the integrated enterprise analysis and to the EEOC's claim for punitive damages. *See* Dkt. Nos. 65, at 3; 78 at Tr. 8:24-9:7; 89, at 13. Defendants have not set forth any legitimate reason to deny the ordered production. For these reasons, and those the EEOC stated in the parties' April 17, 2026 status letter, *see* Dkt. No. 89, Defendants' Notice, Dkt. No. 88, is inadequate.

The EEOC must be allowed to argue the full Defendant Enterprise as it understands it. Defendants will surely argue a much narrower depiction. To do so, both parties are entitled access to sufficient testimony and documentary evidence to present to the Court and to a jury. Defendants must produce the ordered documents and information.

## 2. Comparator and Supervisor Discovery (Tillman, Tolliver, and Positerry)

The EEOC acknowledges receipt of certain documents concerning Vicky Tillman and Deon Tolliver in the February 14 and April 16, 2026 productions. A review of the record reflects that Defendants may possess additional materials that have not yet been produced. For example, Exhibit 1 at B, Item 3, seeks "[p]ersonnel files for Vicky Tillman and Deon Tolliver, whether maintained on Apartment Corp.'s Help system *or elsewhere*[.]" (emphasis added). Defendants have produced certain information and documents reflecting application materials and new hire paperwork, pay statements, and now some information from the Help System, but it is not clear they have produced the complete files for either individual. For example, the Help System profile for Vicky Tillman notes her employment as "Terminated", yet Defendants have produced no documents concerning the end of her employment. Similarly, Defendants claim that they do not have any performance-related documents or evaluations, but per Positerry's testimony, the

Apartment Corp. employee handbook applied to all individuals,[1] including Tillman, Tolliver, and Positerry. The EEOC is entitled to all ordered data.

Defendants' April 16, 2026 production also contained documents for supervisor and decisionmaker Ginger Positerry, including a payroll report generated reflecting certain earnings for Positerry in 2020 and 2021 from the entity Gates on Manhattan, LP. But as we know, Positerry claimed that she was on the payroll of thirteen different entities. Positerry Dep. 56:2-8. It is unclear whether she received partial salary payments from multiple entities for certain periods or years, or if Defendants have moved her through the records of other entities over her tenure as Regional Manager. Further, the request seeks payroll information for Positerry's entire period of employment. Defendants must produce complete records. *See* Exhibit 1, at B, Items 1, 2 ("Date Range Requested" identified as "Period of employment").

### 3. Documents and Information Defendants Agreed to Produce

Finally, on February 26, 2026, the Court explicitly ordered Defendants to "(4) produce all documents that Defendants have already agreed to produce[.]" As indicated by the table at Exhibit 1, Defendants have not yet fully complied with this aspect of the 2026 Orders. *See* Exhibit 1 at A, Items 2, 3, 8, 9, 10, 16; B, Item 8. Defendants must produce all of these documents, or confirm they have already done so or that no such documents exist.

### Interrogatories

The Court ordered Defendants to respond to the interrogatories identified by Defendant in the table at Exhibit 1 at C. On April 10, 2026, Defendants served their amended responses to the EEOC's First and Second Set of Interrogatories to Defendant St. Charles Housing, LP. Defendants must also produce responses for Defendants Menowitz Management and Apartment Corp.

Defendants' newly revised responses for Defendant St. Charles Housing to Interrogatory responses are improper. For example, Interrogatory No. 1, asks Defendants to "[i]dentify all persons who worked for Defendant, whether on a temporary or permanent basis, indicating each person's sex . . . ." *See* EEOC's Second Set of Interrogatories to St. Charles Housing, LP, dated April 11, 2025. Defendants' supplemental response cites to documents recently produced but improperly limits the scope of its response such that "'worked for' means 'employed by' in this context." *See* Defendants' Second Supplemental Objections and Answers to the EEOC's Second Set of Interrogatories to St. Charles Housing, LP, dated April 10, 2026. Defendants have not identified a proper basis for such limitation, and must respond in full. Defendants also limited, improperly, their supplemental response to Interrogatory No. 2, which information on "all owners or partners" of Defendant St. Charles Housing. *Id.* Defendants must provide a complete response. The supplemental responses also greatly expand upon the answers previously provided and note the contribution to responses by additional individuals who must be deposed. Similarly, Defendants now identify a previously unknown individual who performed work at the St. Charles

---

[1] Deposition of Ginger Positerry, dated March 19, 2025 ("Positerry Dep."), at 56:25-57:9 (discussing Apartment Corp. employee handbook, ST. CHARLES 0000019-42, and noting that neither Menowitz Management nor the properties she ever worked for had their own handbooks); 82:13:83:17; 84:15-85:13 (application of Apartment Corp. handbook to St. Charles Housing employees); Rule 30(b)(6) Deposition of Todd Menowitz for St. Charles Housing, dated March 21, 2025, at 122:4-10 (Apartment Corp. handbook applies to St. Charles Housing employees).

Place Apartments during Andrus' tenure. The EEOC may seek to depose him as well. The EEOC reserves the right to raise additional issues with Defendants' amended responses.

*****

As always, we are available to confer on these issues and may seek additional clarity once Defendants provide their certifications.

/s/Renay M. Oliver
Renay M. Oliver
Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004
Tel: (929) 506-5289
renay.oliver@eeoc.gov

4

**EXHIBIT 1**

**Documents**

A.    **Single Employer/Integrated Enterprise**

| | Document(s) | Date Range Requested | Requests Covered[2] | St. Charles Housing[3] [Yes/No] | Menowitz Management [Yes/No] | Apartment Corp. [Yes/No] | Production Status |
|---|---|---|---|---|---|---|---|
| 1. | Payroll reports reflecting all individuals (whether part-time, full-time, hourly or salaried) employed by any Defendant or by any entity associated with properties owned or managed by any Defendant or for whom any Defendant processed or maintained payroll (whether internally or via a third party) | 2020 and 2021[4] | *See, e.g.* First RFPD, Request Nos. 11, 22; Second RFPD, Request Nos. 9, 10. | Yes, as to Defendant St. Charles Housing, only. | Yes, as to Defendant Menowitz Management, only. | Yes, as to Apartment Corp., only. | **Defendants produced 2020 and 2021 payroll records for the named Defendants only.** **Defendants must produce documents for the non-parties.** |

---

[2] Citations refer to requests propounded on Defendant St. Charles Housing. The first set of requests for documents was the same for all Defendants, but corresponding requests from the second set can be found at: Menowitz Management, Request Nos. 3, 4 (employee payroll data) and 5, 7, 9 (organization, corporate structure, property management); Apartment Corp. Request Nos. 8, 9 (employee payroll data) and 10, 12, 14 (organization, corporate structure, property management). The EEOC seeks responsive documents from all Defendants, and where noted above, all non-party entities associated with the properties Defendants own or manage.

[3] The columns for each Defendant represent Defendants' position at the parties' January 30, 2026 conferral. The Court has since ordered the production of all of the items herein.

[4] Items 1 and 2 were revised to limit the scope to 2020 and 2021.

| 2. | Paystubs for all individuals (whether part-time, full-time, hourly or salaried) employed by any Defendant or by any entity associated with properties owned or managed by any Defendant or for whom any Defendant processed or maintained payroll (whether internally or via a third party) | 2020 and 2021 | *See, e.g.* First RFPD, Request Nos. 11, 22; Second RFPD, Request Nos. 9, 10. | Yes, as to Defendant St. Charles Housing only. | Yes, as to Defendant Menowitz Management only. | Yes, as to Defendant Apartment Corp. only. | **Defendants produced 2020 and 2021 paystubs for Defendants St. Charles Housing and Apartment Corp. only.** **Defendants must produce documents for Menowitz Management, as agreed.** ***See* February 26 Order. Defendants must also produce documents for the non-parties.** |

6

| 3. | Articles of Incorporation, Certificate of Formation, Certificate of Limited Partnership, and any amendments | NA | *See, e.g.* First RFPD, Request Nos. 20, 21; Second RFPD, Request Nos. 11, 14. | Yes, as to Defendant St. Charles Housing, only.<br><br>Defendants agree to produce, to the extent applicable to each Defendant, the Articles of Corporation and Certificate of Formation, as filed with Secretary of State, or any Certificate of Limited Partnership. | Yes, as to Defendant St. Menowitz Management, only.<br><br>Defendants agree to produce, to the extent applicable to each Defendant, the Articles of Corporation and Certificate of Formation, as filed with Secretary of State, or any Certificate of Limited Partnership. | Yes, as to Defendant Apartment Corp., only.<br><br>Defendants agree to produce, to the extent applicable to each Defendant, the Articles of Corporation and Certificate of Formation, as filed with Secretary of State, or any Certificate of Limited Partnership. | **Defendants produced the Articles of Incorporation and Certificate of Formation for Apartment Corp.**<br><br>**Defendants produced the Certificate of Limited partnership for St. Charles Housing.**<br><br>**Defendants have not produced responsive materials for Menowitz Management, as agreed. *See* February 26 Order. Defendants must produce those documents.** |
| 4. | Bylaws for any Defendant and any entity associated[5] with properties owned or managed by any Defendant | Versions in effect from 2020 – present | *See, e.g.* First RFPD, Request Nos. 20, 21; Second RFPD, Request Nos. 11, 14, 15. | No, Defendants will not produce these documents under the current confidentiality order. | No, Defendants will not produce these documents under the current confidentiality order. | No, Defendants will not produce these documents under the current confidentiality order. | **Defendants produced the bylaws for Apartment Corp. only.**<br><br>**Defendants must produce documents for Menowitz Management, St. Charles Housing and the non-parties.** |

---

[5] For example, Defendant St. Charles Housing, LP is the primary entity associated with the St. Charles Place Apartments where Andrus worked. It is a special purpose entity, created for the purchase or operation of that property.

| 5. | Operating Agreement for any Defendant and any entity associated with properties owned or managed by any Defendant | Versions in effect from 2020 – present | *See, e.g.* First RFPD, Request Nos. 20, 21; Second RFPD, Request Nos. 11, 14, 15. | No, Defendants will not produce these documents under the current confidentiality order. | No, Defendants will not produce these documents under the current confidentiality order. | No, Defendants will not produce these documents under the current confidentiality order. | **Defendants have not produced these items.** **Defendants must produce documents for the Defendants and the non-parties.** |
|---|---|---|---|---|---|---|---|
| 6. | Limited Partnership Agreement or Partnership Agreement for any Defendant and any entity associated with properties owned or managed by any Defendant | Versions in effect from 2020 – present | *See, e.g.* First RFPD, Request Nos. 20, 21; Second RFPD, Request Nos. 11, 14, 15. | No, Defendants will not produce these documents under the current confidentiality order. | No, Defendants will not produce these documents under the current confidentiality order. | No, Defendants will not produce these documents under the current confidentiality order. | **Defendants produced the Limited Partnership Agreement for Defendant St. Charles Housing only.** **Defendants must produce documents for the other Defendants and the non-parties.** |
| 7. | Shareholders' Agreement for Defendants and any entity associated with properties owned or managed by any Defendant | Versions in effect from 2020 – present | *See, e.g.* First RFPD, Request Nos. 20, 21; Second RFPD, Request Nos. 11, 14, 15. | No, Defendants will not produce these documents under the current confidentiality order. | No, Defendants will not produce these documents under the current confidentiality order. | No, Defendants will not produce these documents under the current confidentiality order. | **Defendants have not produced these materials.** **Defendants must produce documents for the Defendants and the non-parties.** |

| 8. | Management Agreements[6] between or among any Defendant or any other entity related to properties owned or managed by any Defendant | Versions in effect from 2020 – present | *See, e.g.* First RFPD, Request Nos. 20, 21; Second RFPD, Request Nos. 11, 14, 15. | Yes, as to agreements among or between Defendants, only. | Yes, as to agreements among or between Defendants, only. | Yes, as to agreements among or between Defendants, only. | **Defendants have not produced these documents, as agreed. *See* February 26 Order.**<br><br>**Defendants must produce documents for the Defendants and the non-parties.** |
| 9. | Leasing and Brokerage Agreements between or among any Defendant or any other entity related to properties owned or managed by any Defendant | Versions in effect from 2020 – present | *See, e.g.* Second RFPD, Request Nos. 15. | Yes, as to agreements among or between Defendants, only. | Yes, as to agreements among or between Defendants, only. | Yes, as to agreements among or between Defendants, only. | **Defendants have not produced these documents, as agreed. *See* February 26 Order.**<br><br>**Defendants must produce documents for the Defendants and the non-parties.** |
| 10. | Intercompany Service Agreements between or among any Defendant or any other entity related to properties owned or managed by any Defendant[7] | Versions in effect from 2020 – present | *See, e.g.* Second RFPD, Request Nos. 15. | Yes, as to agreements among or between Defendants, only. | Yes, as to agreements among or between Defendants, only. | Yes, as to agreements among or between Defendants, only. | **Defendants have not produced these documents, as agreed. *See* February 26 Order.**<br><br>**Defendants must produce documents for the Defendants and the non-parties.** |

---

[6] After discussion, the parties revised this term from "Master Management Agreements" to "Management Agreements."

[7] For example, as noted, Apartment Corp. handles payroll for the properties it manages, including St. Charles Housing, LP, and it also manages accounts payable for St. Charles Housing. *See* St. Charles Housing RFA Resps. 52, 53. Defendants must produce any agreement concerning those services.

| 11. | Deeds or mortgage agreements for any properties owned or managed by any Defendant | Versions in effect from 2020 – present | *See, e.g.* Second RFPD, Request Nos. 15. | Yes, as to Defendant St. Charles Housing, only. | No, as to any properties managed by Defendant Menowitz Management. Defendants maintain that Menowitz Management does not own property. | No, as to any properties managed by Defendant Apartment Corp. Defendants maintain that Apartment Corp. does not own property. | **Defendants have not produced the documents they agreed to produce for Defendant St. Charles Housing. *See* February 26 Order.** **Defendants must produce documents for St. Charles Housing and the non-parties.** |
| 12. | Income tax returns, including exhibits and attachments | 2020 - present | *See, e.g.* First RFPD, Request No. 23. | No. | No. | No. | **Defendants have not produced these documents.** **Defendants must produce documents for the Defendants and the non-parties.** |
| 13. | Audited and unaudited balance sheets reflecting assets, liabilities, and net worth for each fiscal year | 2020 - present | *See, e.g.* First RFPD, Request No. 23. | No. | No. | No. | **Defendants have not produced these documents.** **Defendants must produce documents for the Defendants and the non-parties.** |

| 14. | Audited and unaudited profit and loss statements for each fiscal year | 2020 - present | *See, e.g.* First RFPD, Request No. 23. | No. | No. | No. | **Defendants have not produced these documents.**<br><br>**Defendants must produce documents for the Defendants and the non-parties.** |
|---|---|---|---|---|---|---|---|
| 15. | Cash flow analysis statements for each fiscal year | 2020 - present | *See, e.g.* First RFPD, Request No. 23. | No. | No. | No. | **Defendants have not produced these documents.**<br><br>**Defendants must produce documents for the Defendants and the non-parties.** |
| 16. | Any document sufficient to identify the corporate structure or management structure or hierarchy of any Defendant (such as an organization chart, reflecting hierarchy or departments) | Versions in effect from 2020 – present | *See, e.g.* First RFPD, Request No. 21. | Yes, Defendants agree to produce organizational or hierarchy charts for Defendant St. Charles Housing, only. | Yes, Defendants agree to produce organizational or hierarchy charts for Defendant Menowitz Management, only. | Yes, Defendants agree to produce organizational or hierarchy charts for Defendant Apartment Corp., only. | **Defendants have not produced these documents, as agreed.** *See* **February 26 Order.**<br><br>**Defendants must produce documents for the Defendants and the non-parties.** |

11

## B.    Comparator and Supervisor Discovery

| | Document(s) | Date Range Requested | Requests Covered | St. Charles Housing [Yes/No] | Menowitz Management [Yes/No] | Apartment Corp. [Yes/No] | Production Status |
|---|---|---|---|---|---|---|---|
| 1. | All hiring documents, such as applications for employment, resumes, and hiring paperwork | Period of employment | *See, e.g.* First RFPD, Request Nos. 11, 12. | Possibly, as to Vicky Tillman. Defendants agree to review what documents as to Tillman are available. No, as to Ginger Positerry. Defendants refuse to produce responsive documents for Ginger Positerry. | Possibly, as to Vicky Tillman. Defendants agree to review what documents as to Tillman are available. No, as to Ginger Positerry. Defendants refuse to produce responsive documents for Ginger Positerry. | Possibly, as to Vicky Tillman. Defendants agree to review what documents as to Tillman are available. No, as to Ginger Positerry. Defendants refuse to produce responsive documents for Ginger Positerry. | **Defendants produced materials for all three individuals.** **Please confirm no additional documents exist.** |
| 2. | Any pre- or post-employment testing provided, including, but not limited to, any testing about HUD | Period of employment | *See, e.g.* First RFPD, Request Nos. 11, 12. | Yes, as to Deon Tolliver and Vicky Tillman. No, as to Ginger Positerry. | Yes, as to Deon Tolliver and Vicky Tillman. No, as to Ginger Positerry. | Yes, as to Deon Tolliver and Vicky Tillman. No, as to Ginger Positerry. | **Defendants produced these materials for Tillman and Tolliver.** **Please confirm no such documents exist for Positerry.** |

12

| 3. | Personnel files for Vicky Tillman and Deon Tolliver, whether maintained on Apartment Corp.'s Help system or elsewhere | Period of employment | *See, e.g.* First RFPD, Request Nos. 11, 12. | Yes. | Yes. | Yes. | **Defendants produced documents for all three individuals.**<br><br>**Please confirm no additional documents exist.** |
|----|----|----|----|----|----|----|----|
| 4. | Ginger Positerry's employee profile from Apartment Corp.'s Help system | Period of employment | *See, e.g.* First RFPD, Request No. 11. | No, Defendants refuse to produce responsive documents for Ginger Positerry. | No, Defendants refuse to produce responsive documents for Ginger Positerry. | No, Defendants refuse to produce responsive documents for Ginger Positerry. | **Defendants produced these documents on April 16, 2026.**<br><br>**Please confirm no additional documents exist.** |
| 5. | Performance evaluations, commendations, or discipline | Period of employment | *See, e.g.* First RFPD, Request Nos. 11, 12. | Yes, as to Deon Tolliver and Vicky Tillman.<br><br>No, as to Ginger Positerry. | Yes, as to Deon Tolliver and Vicky Tillman.<br><br>No, as to Ginger Positerry. | Yes, as to Deon Tolliver and Vicky Tillman.<br><br>No, as to Ginger Positerry. | **Defendants have not produced responsive documents.**<br><br>**Please confirm that no such documents exist.** |
| 6. | Paystubs or other statements reflecting pay information, including pay history, bonuses | Period of employment | *See, e.g.* First RFPD, Request Nos. 11, 12. | Yes, as to Deon Tolliver and Vicky Tillman.<br><br>No, as to Ginger Positerry. | Yes, as to Deon Tolliver and Vicky Tillman.<br><br>No, as to Ginger Positerry. | Yes, as to Deon Tolliver and Vicky Tillman.<br><br>No, as to Ginger Positerry. | **Defendants produced IRS Form W-2s for Tolliver and Tillman, and earnings statements for Tillman.**<br><br>**Defendants must produce similar records for Positerry, and earnings statements for Tolliver.** |
| 7. | Any job description for the position(s) held | Period of employment | *See, e.g.* First RFPD, | Yes, as to Deon Tolliver, | Yes. | Yes. | **Defendants have not produced these documents,** |

13

|   |   |   | Request Nos. 11, 12. | Vicky Tillman, and Ginger Positerry. |   |   | **as agreed.** *See* **February 26 Order.[8]**<br><br>**Defendants must produce these documents for Tillman, Tolliver, and Positerry.** |
| 8. | Any letters or documents reflecting promotions or changes in titles or responsibilities | Period of employment | *See, e.g.* First RFPD, Request Nos. 11, 12. | Yes, as to Deon Tolliver, Vicky Tillman, and Ginger Positerry. | Yes. | Yes. | **Defendants have not produced these documents, as agreed.** *See* **February 26 Order.**<br><br>**Defendants must produce these documents for Tillman, Tolliver, and Positerry.** |

---

[8] Defendants produced, with respect to Andrus, ST. CHARLES 0000096, previously, which was the description Defendants posted online in or around February 2021. Defendants must produce the job descriptions applicable to Tillman's and Tolliver's employment, respectively, or confirm that ST. CHARLES 0000096 is the only job description that exists as to them, and any applicable job descriptions for the positions Positerry has held throughout her employment.

**C.    Interrogatory Responses**

| Defendant | Documents at Issue | Responses at Issue | Yes/No - Position at Conferral | Production Status |
|---|---|---|---|---|
| St. Charles Housing, LP | Defendant St. Charles Housing LP's Supplemental Objections and Answers to Plaintiff's First Set of Interrogatories, Exhibit 4 (Dkt. No. 72-4). | First Set of Interrogatories, Response to Interrogatory No. 13 (request to describe business relationship among Defendants). | Defendants to review. | **Defendants have supplemented their response to this Interrogatory.** |
|  | Defendant St. Charles Housing, LP's Supplemental Objections and Answers to Plaintiff's Second Set of Interrogatories, Exhibit 5 (Dkt. No. 72-5). | Second Set of Interrogatories, Response to Interrogatory No. 1 (employee data)<br><br>Response to Interrogatory No. 2 (ownership information). | Defendants to review. | **Defendants have supplemented their responses to these Interrogatories, but the response to Interrogatory No. 1 alters the request and responds only to individuals "employed by" the Defendant instead of the individuals who "worked for" the Defendant.**<br><br>**Likewise, Defendants' response to Interrogatory No. 2, provides information as to Defendant St. Charles Housing's general partner but fails to provide information about "all owners or partners," including the limited partners, as requested.**<br><br>**The EEOC objects to these responses.**<br><br>**Defendants must respond in full.** |

| | | | | |
|---|---|---|---|---|
| Menowitz Management Corp. | Defendant Menowitz Management's Supplemental Objection and Answers to Plaintiff's First Set of Interrogatories, Exhibit 8 (Dkt. No. 72-8). | First Set of Interrogatories, Response to Interrogatory No. 13 (request to describe business relationship among Defendants). | Defendants to review. | **Defendants have not supplemented their responses to this Interrogatory.**<br><br>**Defendants must provide amended responses.** |
| | Defendant Menowitz Management's Supplemental Objections and Answers to Plaintiff's Second Set of Interrogatories, Exhibit 9 (Dkt. No. 72-9). | Second Set of Interrogatories, Response to Interrogatory No. 1.<br><br>Response to Interrogatory No. 2;<br><br>Response to Interrogatory No. 3. (employee data and payroll vendor information);<br><br>Response to Interrogatory No. 4 (property ownership and management). | Defendants to review. | **Defendants have not supplemented their responses to these Interrogatories.**<br><br>**Defendants must provide amended responses.** |
| | | | | |
| Apartment Rental Assistance II, Inc. d/b/a Apartment Corp. | Defendant Apartment Corp.'s Supplemental Objections and Answers to Plaintiff's First Set of Interrogatories, Exhibit 12 (Dkt. No. 72-12). | First Set of Interrogatories, Response to Interrogatory No. 13 (request to describe business relationship among Defendants). | Defendants to review. | **Defendants have not supplemented their responses to these Interrogatories.**<br><br>**Defendants must provide amended responses.** |

16

| | Defendant Apartment Corp.'s Supplemental Objections and Answers to Plaintiff's Second Set of Interrogatories, Exhibit 13 (Dkt. No. 72-13). | Second Set of Interrogatories, Response to Interrogatory No. 1; <br><br> Response to Interrogatory No. 2; <br><br> Response to Interrogatory No. 3; (employee data and payroll vendor information); <br><br> Response to Interrogatory No. 4 (property ownership and management). | Defendants to review. | **Defendants have not supplemented their responses to these Interrogatories.** <br><br> **Defendants must provide amended responses.** |