**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

August 21, 2026

**VIA ECF**
Honorable Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: EEOC v. St. Charles Housing, LP et al.; Case No. 1:23-cv-06436

Dear Judge Kuo:

The EEOC respectfully renews its request for leave to move for sanctions. Defendants have violated *five* of this Court's orders, have never provided a good faith basis for doing so, and despite the Court's recent grant of "one last chance" and warning of sanctions, including a monetary sanction of "*at least* $100 per day," still have not complied. *See* August 12, 2026 Minute Entry and Order (emphasis in original); Dkt. No. 100,[1] at Tr. 7:24-9:7. Defendants' conduct, and that of their counsel, has long burdened this Court's resources and has caused prejudice to the EEOC's prosecution of this matter. Accordingly, the EEOC asks that the Court allow it to move for sanctions on or before August 31, 2026.

## Defendants' Continued Defiance of this Court's Orders

The EEOC acknowledges the Court's familiarity with the discovery disputes first raised by the EEOC on September 12, 2025, *see* Dkt. No. 65, and will not recount that history in full here. But this year alone, the parties have had *six* court conferences (totaling nearly *eight* hours) and filed *15* letters, not including Defendants' repeated requests for extensions. Indeed, this Court has granted Defendants *six* extensions to produce this very discovery *and* has warned them at least *four* times that they would be subject to sanctions for continued noncompliance. Defendants have proven the ineffectiveness of mere warnings – the record fully supports the imposition of sanctions.

On June 24, 2026, the Court ordered Defendants to show cause for their failure to comply with the Court's discovery orders and scheduled an in-person hearing. *See* June 24, 2026 Order to Show Cause. At that hearing, Defendants claimed a need of 30 days to fully comply and produce the ordered discovery, and based on that representation, the Court set an August 10, 2026 deadline. *See* Dkt. No. 97, Transcript of July 9, 2026 Conference, at Tr. 75:5-18. The Court warned Defendants against continued noncompliance and emphasized that Defendants' deadline was firm, stating: "If Defendants are confused about the meaning or scope of any discovery request, Defendants are ordered to confer with Plaintiff well in advance of this deadline to clear up their confusion and fully respond to the discovery request by August 10, 2026." July 13, 2026 Minute Entry and Order; *see* Dkt. 97, at Tr. 75:14-76:20. The July 13 Order also provided a detailed, itemized list of the (long overdue) discovery for "absence of doubt as to Defendants' obligations"

[1] Transcript of the August 12, 2026 Conference.

but that the list "in no way limits the information that must be provided, which was discussed on the record and described in greater detail in Plaintiff's charts [92-1]."

On July 27, 2026, having heard nothing from Defendants, the EEOC requested a status update and invited Defendants to raise any specific questions concerning the "meaning or scope" of the ordered discovery. Ex. 1 at 7; *see* July 13 Order. While Defendants confirmed that they would comply with the order, they essentially demanded that the EEOC relitigate its motion or agree to a stipulation. *Id.* at 5-6. The EEOC declined to relitigate the Court's orders. *Id.* at 5.

On Sunday, August 9, 2026, Defendants asked the EEOC's position on a one-week extension, raising for the first time that in addition to a client contact vacation, lead defense counsel had an out-of-state trial which necessitated an extra week to comply. Ex. 1 at 1-2. The EEOC objected to the request and noted that any request would be untimely under Your Honor's Individual Practice Rules. *Id.* at 1. Despite this, Defendants did not file their extension request until just before midnight, *see* Dkt. No. 98, minutes after serving a small document production.

In their letter request, Defendants offered to provide a "category-by-category" status update, which the Court then ordered. *See* Dkt. No. 98, at 2; August 11, 2026 Order. However, in that status letter, Dkt. No. 99, Defendants falsely (1) claimed attempts to confer with the EEOC on "mechanics", "scope and format questions";[2] and (2) represented to the Court that in producing 5,879 pages, they had "substantially complied" with the Court's July 13 Order. Dkt. No. 99, at 1, 8. At a minimum, Defendants did not review their production. A cursory review revealed that at least *half* of the documents were duplicates of an earlier production.

The Court held a Zoom conference on August 12, 2026, and granted Defendants until August 17, 2026 to comply fully. The Court made it clear that Defendants would be granted "no more allowances"; that they had "one last chance and then there will be sanctions." Dkt. No. 100, at Tr. 8:12-15. The Court further warned:

> There will be financial sanctions and there may be sanctions in terms of the substance of the case . . . . But I want to make it clear to you and your client that from this point forward there will be no more allowances. . . .The Federal Rules of Civil Procedure allow for all kinds of sanctions that are in the wide discretion of the district court unlikely to be overturned by a Circuit Court of Appeals. . . . So I am going to put defendants on notice that if there isn't full compliance by Monday, and that's the date that Mr. Chase put out there, then I am very likely to impose a sanction of a $100 fine every day until there's full compliance just so you have it out there and you can say that everybody will know that you are on notice of that.

Dkt. No. 100, at Tr. 8:1-22; 11:15-21. The Court also allowed the EEOC to renew its request to seek sanctions. *See* August 12 Order.

---

[2] The EEOC takes issue with Defendants' claim that certain categories of ordered discovery were or are the "subject of ongoing conferrals with the EEOC regarding scope" or that they have offered to confer with the EEOC on specific categories of discovery ordered. *See* Dkt. No. 99, at 6-7 (Items 13-17). The Court has directed Defendants to comply with its orders in full. *See* Dkt. No. 100, at Tr. 6:16-23.

On the August 17, 2026 deadline, Defendants produced additional documents. However, they *did not* meet their latest deadline. On August 18, and August 19, Defendants made supplemental productions of documents, interrogatory responses, and *some* of the ordered certifications. Even still, Defendants have not fully complied with the July 13 Order. Review is ongoing, but it is evident that Defendants have not provided most of the financial information ordered (Items 13-16), *see* Dkt. No. 99, at 6, or any documents "identifying the corporate structure of all Defendants and Non-Party Entities" (Item 17). *Id.*, at 7. And their supplemental interrogatory responses (Items 1, 19, 20) are deficient.[3] Lastly, Defendants have not provided the certifications they claimed they would provide concerning Items 5, 8, 10, 11. *See id.*, at 3, 4, 5.[4] As of this writing, Defendants have not yet advised what remains to be produced (and when it will be produced) or when they will provide the remaining ordered certifications. *See* Dkt. No. 99; July 13 Order ("If all documents have already been produced or no document exist for certain categories of discovery requests, Defendants are ordered to certify such statements through a sworn affidavit under penalty of perjury by August 10, 2026."). Moreover, Defendants have not sought leave from the Court for additional time to comply, nor have they explained to the Court or the EEOC the reasons for these ongoing delays. Rather, on Saturday, August 15, 2026, Defendants offered "to walk" the EEOC through their forthcoming production—an offer that would be unnecessary if Defendants had met the deadline. The EEOC made itself available to answer any questions about the ordered discovery, which it did (*see* n.3, *supra*), but the onus is on Defendants to ensure compliance with the July 13 Order.

Plainly, the *fourth* warning this Court has issued to Defendants (and the strongest to date) has had little impact. *See Aristidou v. Aviation Port Servs., LLC*, No. 18-CV-4040, 2021 WL 2471269, at *4 (E.D.N.Y. June 17, 2021) (Kovner, J.) ("Especially in light of repeated warnings to defendants, at a certain point, if a court does not eventually follow through on its warnings, it risks undermining its ability to control current and future would-be wayward litigants." (citations and alterations omitted)). Sanctions are warranted and should be imposed.

Accordingly, the EEOC respectfully asks that the Court grant this renewed request and allow, on or before August 31, 2026, the EEOC to move for both monetary and substantive case-related sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A), (C), 16(f), 26(g)(1)(B)(ii), 28 U.S.C.

---

[3] For example, Item 1 of the Court's July 13 Order required Defendants to provide certain ownership information Defendants failed to provide in violation of the Court's May 7 Minute Entry and Order. Instead of providing the written information, Defendants cited a Bates range of nearly 6,700 pages as "include[d]" in the universe of responsive documents, and directed the EEOC to search for the information therein, citing Fed. R. Civ. P. 33(d). *See* Ex. 2 at 2, Defendants' Response to Item 1 of the July 13, 2026 Order. Such a response is improper given the Court's previous direction, *see* May 7 Order, and violates Fed. R. Civ. P. 33(d)(1). Further, with respect to the Interrogatory Responses (Items 19 and 20), and despite this Court ordering a temporal scope for certain requests of "January 1, 2020 through present" (confirmed recently by the EEOC), Defendants produced responses limited to those periods it so chose. They also ignored portions of the EEOC's requests entirely. *Compare*, *e.g.*, Ex. 3 at 3, Defendant Apartment Corp.'s Third Supplemental Answers, Interrogatory No. 2 (requesting Apartment Corp. to identify individuals managed by Ginger Positerry from January 2020 to present, including work site and dates of employment) *with id.* at 3-5, Third Supplemental Answer to Interrogatory No. 2 (omitting that information and limiting their response to 2020 and 2021).

[4] Defendants also represented to the Court that they would provide *the Court* with a status report as to Items 1 and 13 but have not done so. *See* Dkt. No. 99, at 2, 6.

§1927, and this Court's inherent powers. Given the duration and breadth of the violations, the EEOC respectfully request permission to file a brief up to 20 pages to summarize the issues in a concise but comprehensive manner.[5]

Respectfully submitted,

By: */s/Renay M. Oliver*
Renay M. Oliver
Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004
Tel: (929) 506-5289
renay.oliver@eeoc.gov

[5] The EEOC notes that, while specific to non-discovery motions, Your Honor's Individual Practice Rule VI(A)(2)(d) limits memoranda of law to 12 pages. It is unclear to the EEOC whether a similar page limit or that of Local Civil Rule 7.1(c) (8,750 words) would apply here.