# EXHIBIT 1

Outlook

**Re: [External] RE: EEOC v. St. Charles Housing, LP et al.**

**From** RENAY OLIVER <RENAY.OLIVER@EEOC.GOV>
**Date** Mon 8/10/2026 9:50 AM
**To** Kenneth E. Chase <kchase@chaselaw.com>
**Cc** ELIZABETH FIGUEIRA <ELIZABETH.FIGUEIRA@EEOC.GOV>

Kenneth,

Thank you for the update. We look forward to today's production.

We oppose your proposed request for an extension. The Court set the deadline *at Defendants' request* and made clear that Defendants' production must be complete by today. *See* July 13, 2026 Minute Entry and Order; Dkt. 97, Transcript of July 9, 2026 conference, at Tr. 75:5-76:21. And two weeks ago, when we requested a status update, you stated that Defendants would comply with the Order. You did not mention a need for more time, nor did you mention a trial or any "logistical challenges." And to the Court, in asking for 30 days, you only raised the vacation of a client contact. *See* Dkt. 97, at Tr. 75:10-13.

Further, as you know, Judge Kuo's Individual Rules require that extension requests be submitted at least two business days in advance. *See* April 1, 2026 Order ("Individual Rule IV.D states 'Absent an emergency, requests must be made at least two (2) business days prior to the deadline for which an extension is sought.' Defendants are admonished for their continued failure to comply with Judge Kuo's Individual Practice Rules."). Defendants' request is unwarranted and untimely.

Renay M. Oliver
Trial Attorney
Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street Fl. 5
New York, NY 10004
(929) 506-5289
renay.oliver@eeoc.gov

---

**From:** Kenneth E. Chase <kchase@chaselaw.com>
**Sent:** Sunday, August 9, 2026 7:27 PM
**To:** ELIZABETH FIGUEIRA <ELIZABETH.FIGUEIRA@EEOC.GOV>
**Cc:** RENAY OLIVER <RENAY.OLIVER@EEOC.GOV>
**Subject:** Re: [External] RE: EEOC v. St. Charles Housing, LP et al.

Defendants intend to make a substantial production tomorrow. We may need additional time to complete all the items. After we serve a significant production tomorrow, I will ask if you consent to, or oppose, a one-week extension of time to serve the remainder of the items, if any.

I was in trial last week in Delaware, the trial concluded on Friday. My clients, myself, and my associate, have all been diligently working on these items amid summer vacation schedules and other logistical

challenges.

Thank you.

Kenneth E. Chase
Chase Law & Associates, P.A.
t 305.402.9800
kchase@chaselaw.com

Boca Raton Office
951 Yamato Road, Suite 280
Boca Raton, FL 33431

FLORIDA | CALIFORNIA
WASHINGTON, DC | NEW YORK
MASSACHUSETTS | MARYLAND | TEXAS

www.chaselaw.com

This electronic communication contains information from the law firm of Chase Law & Associates, P.A. The contents and attachments may be privileged and confidential and are intended only for the named recipients. If you are not an intended recipient, please note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you received this communication in error, please contact me. Thank you for your assistance.

On Jul 30, 2026, at 9:58 AM, ELIZABETH FIGUEIRA <ELIZABETH.FIGUEIRA@eeoc.gov> wrote:

Kenneth: There have been multiple court conferences in which this discovery has been discussed. You have stated yourself that it is not productive to reargue motions from the last several months. It is also not productive to revisit an effort by me ("co-counsel") back in May to meet and confer. And, you already have the names of supervisory attorneys, including mine.

Defendants are fully capable of bringing this matter to resolution: comply with the order, cooperate to wrap discovery, and agree to a near-term trial date.

<image002.png>

**Elizabeth A. Figueira | Assistant Regional Attorney**
United States Equal Employment Opportunity Commission
33 Whitehall Street, 5th Floor, New York, NY 10004
T: 929.506.5357| F: 212.336.3623
elizabeth.figueira@eeoc.gov

**From:** Kenneth E. Chase <kchase@chaselaw.com>
**Sent:** Wednesday, July 29, 2026 6:17 PM
**To:** RENAY OLIVER <RENAY.OLIVER@EEOC.GOV>
**Cc:** ELIZABETH FIGUEIRA <ELIZABETH.FIGUEIRA@EEOC.GOV>
**Subject:** RE: [External] RE: EEOC v. St. Charles Housing, LP et al.

The record will reflect that Ms. Oliver has refused to articulate any relevant usage for the discovery sought by the EEOC as to dozens of non-party private entities. The Defendants have offered to stipulate to numerosity and have signed the stipulation drafted by the EEOC. In court, the EEOC's attorney disavowed her own stipulation, despite her co-counsel's express reference to it, opting instead for more litigation and unnecessary discovery rather than narrowing the issues and proceeding to trial. These actions are unreasonable and they further demonstrate improper conduct by the EEOC. It is requested, again, that this matter be brought to a supervising EEOC attorney immediately for a full audit of the EEOC's conduct in this case. Please provide the name of the EEOC's supervising attorney. Thank you.

**Kenneth E. Chase**
Chase Law & Associates, P.A.
t 305.402.9800
kchase@chaselaw.com

**Boca Raton Office**
951 Yamato Road, Suite 280
Boca Raton, FL 33431

FLORIDA | CALIFORNIA
WASHINGTON, DC | NEW YORK
MASSACHUSETTS | MARYLAND | TEXAS

www.chaselaw.com

<image003.png>

*This electronic communication contains information from the law firm of Chase Law & Associates, P.A. The contents and attachments may be privileged and confidential and are intended only for the named recipients. If you are not an intended recipient, please note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you received this communication in error, please contact me. Thank you for your assistance.*

---

**From:** RENAY OLIVER <RENAY.OLIVER@EEOC.GOV>
**Sent:** Wednesday, July 29, 2026 5:14 PM
**To:** Kenneth E. Chase <kchase@chaselaw.com>
**Cc:** ELIZABETH FIGUEIRA <ELIZABETH.FIGUEIRA@EEOC.GOV>
**Subject:** Re: [External] RE: EEOC v. St. Charles Housing, LP et al.

Kenneth -

The Court has already addressed this. Defendants are to produce the outstanding discovery without further delay. *See* Dkt. 97, Transcript of the July 9, 2026 conference, at Tr.

72:5-11 ("So just to be clear, . . . there is no stipulation, and there's no need to have any further discussions about trying to work out a stipulation."). Since you do not have any questions about what was ordered, we expect a complete production on or before the August 10, 2026 deadline.

Renay M. Oliver
Trial Attorney
Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street Fl. 5
New York, NY 10004
(929) 506-5289
renay.oliver@eeoc.gov

---

**From:** Kenneth E. Chase <kchase@chaselaw.com>
**Sent:** Wednesday, July 29, 2026 4:33 PM
**To:** RENAY OLIVER <RENAY.OLIVER@EEOC.GOV>
**Cc:** ELIZABETH FIGUEIRA <ELIZABETH.FIGUEIRA@EEOC.GOV>
**Subject:** RE: [External] RE: EEOC v. St. Charles Housing, LP et al.

If the Defendants are willing to stipulate to numerosity, then why is the discovery needed?

**Kenneth E. Chase**
Chase Law & Associates, P.A.
t 305.402.9800
kchase@chaselaw.com

**Boca Raton Office**
951 Yamato Road, Suite 280
Boca Raton, FL 33431

FLORIDA | CALIFORNIA
WASHINGTON, DC | NEW YORK
MASSACHUSETTS | MARYLAND | TEXAS

www.chaselaw.com

<image003.png>

*This electronic communication contains information from the law firm of Chase Law & Associates, P.A. The contents and attachments may be privileged and confidential and are intended only for the named recipients. If you are not an intended recipient, please note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you received this communication in error, please contact me. Thank you for your assistance.*

**From:** RENAY OLIVER <RENAY.OLIVER@EEOC.GOV>
**Sent:** Wednesday, July 29, 2026 4:31 PM
**To:** Kenneth E. Chase <kchase@chaselaw.com>
**Cc:** ELIZABETH FIGUEIRA <ELIZABETH.FIGUEIRA@EEOC.GOV>
**Subject:** Re: [External] RE: EEOC v. St. Charles Housing, LP et al.

Kenneth,

Thank you. We look forward to Defendants' production.

The resolution of this matter begins with Defendants' prompt and complete production of the ordered discovery.

We agree, there is no reason to reargue the motion. And we are not engaging with you on the other topics you raise below. Rather, we are focused on the allegations in the Amended Complaint and the integrated enterprise that employed J'Layna Andrus. As you admitted outside of the courthouse following the July 9, 2026 hearing, the ordered "documents are going to show what [the EEOC] think[s] they show." Namely, that an integrated enterprise exists among Defendants and the non-party entities with the numerosity required by Title VII. The remaining issues involve credibility determinations, which cannot be made at summary judgment -- they are for the jury to consider.

Again, if you have specific questions concerning the ordered discovery, including, but not limited to, the materials the Court identified as items 1-20, please let us know. *See* July 13, 2026 Minute Entry and Order ("The Court provides this list for absence of doubt as to Defendants' obligations; it in no way limits the information that must be provided, which was discussed on the record and described in greater detail in Plaintiff's charts [92-1].").

Renay M. Oliver
Trial Attorney
Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street Fl. 5
New York, NY 10004
(929) 506-5289
renay.oliver@eeoc.gov

---

**From:** Kenneth E. Chase <kchase@chaselaw.com>
**Sent:** Tuesday, July 28, 2026 7:44 PM
**To:** RENAY OLIVER <RENAY.OLIVER@EEOC.GOV>
**Cc:** ELIZABETH FIGUEIRA <ELIZABETH.FIGUEIRA@EEOC.GOV>
**Subject:** [External] RE: EEOC v. St. Charles Housing, LP et al.

**CAUTION:** The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov.

Hi Renay,

We would like to move this matter to an adjudication. Ms. Positerry is a mother of three and a female supervisor. The false allegations of discrimination have been hanging over her for years. She does not appreciate the false accusations.

We intend to comply with the Court order. In terms of questions, my question is why are these materials needed?

The discovery sought does not appear to bear on the likelihood of any material issue. I say this not to reargue the motion, the judge has ruled.

I say this to ask why the EEOC is spending the taxpayers' money on this endeavor and why private investors are being exposed to something that looks like Lawfare. To me, it does not seem proportional to the case. A person worked in a closed building for four months nearly six years ago and she had one phone call with her female supervisor and mother of three who repeatedly offered her accommodations. And now the EEOC wants all the financials of 42 properties when we've offered to stipulate? Something isn't right there.

Perhaps we could discuss the case, how to efficiently bring it to a resolution, and perhaps some proportionality constraints given the stipulation.

I will also note that the EEOC should be accepting stipulations when offered. The gamesmanship by the EEOC regarding the stipulation in this case does not seem to comport with protocols. When I was a prosecutor, and the defense offered a stipulation, I would accept it and move on to the merits. These events happened nearly six years ago. Much of the delay has been the EEOC's refusal to forthrightly agree to a stipulation. It is my belief that you care more about my clients' financials than you do about discrimination.

Discrimination cases are about whether discrimination occurred, not wealth-shaming and playing class warfare. If that is the goal of this financial discovery, it would be improper.

Please let me know your availability to discuss these matters tomorrow. And again, I ask for the EEOC to bring in a fresh set of eyes into the case.

Thank you.

**Kenneth E. Chase**
Chase Law & Associates, P.A.
t 305.402.9800
kchase@chaselaw.com

**Boca Raton Office**
951 Yamato Road, Suite 280
Boca Raton, FL 33431

FLORIDA | CALIFORNIA
WASHINGTON, DC | NEW YORK
MASSACHUSETTS | MARYLAND | TEXAS

www.chaselaw.com

<image003.png>

*This electronic communication contains information from the law firm of Chase Law & Associates, P.A. The contents and attachments may be privileged and confidential and are intended only for the named recipients. If you are not an intended recipient, please note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you received this communication in error, please contact me. Thank you for your assistance.*

---

**From:** RENAY OLIVER <RENAY.OLIVER@EEOC.GOV>
**Sent:** Monday, July 27, 2026 1:33 PM
**To:** Kenneth E. Chase <kchase@chaselaw.com>
**Cc:** ELIZABETH FIGUEIRA <ELIZABETH.FIGUEIRA@EEOC.GOV>
**Subject:** EEOC v. St. Charles Housing, LP et al.

Kenneth,

Please provide an update as to Defendants' production, amended interrogatories, and certifications of completeness.

It has been more than two weeks since the hearing and we have not heard from you. As you know, the Court ordered Defendants to raise any specific questions about the discovery ordered well ahead of the August 10, 2026 deadline. *See* July 13, 2026 Minute Entry and Order ("If Defendants are confused about the meaning or scope of any discovery request, Defendants are ordered to confer with Plaintiff **well in advance** of this deadline to clear up their confusion and fully respond to the discovery request by August 10, 2026." (emphasis added)). For your convenience, we attach the July 13 Order and the transcript of the July 9, 2026 hearing.

If Defendants have questions about the ordered discovery, now is the time to ask them. Please raise any specific questions no later than Wednesday end of day, so that we have sufficient time to confer by next Monday (August 3), at the latest.

Thank you,
Renay

Renay M. Oliver
Trial Attorney
Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street Fl. 5
New York, NY 10004
(929) 506-5289
renay.oliver@eeoc.gov